## TAYLOR *a.* THE MAYOR, &c., OF NEW YORK.

*Supreme Court, First District; Special Term, September,* 1860.

### NEGLECT TO FOLIO PAPERS.—RETURNING PAPERS.

Where papers are to be returned for irregularity, if there is no attorney's name on them, they are to be returned to the party. If the party is a municipal corporation, having a counsel chosen under a statute, they should be returned to him.

Motion by defendants for an attachment, and also for a writ of restitution.

*John W. Edmonds,* for the plaintiff, objected to the motion being heard, on the ground that the papers served were not folioed as required by rule 20 of the rules of this court.

*Wm. Curtis Noyes, John McKeon,* and *Greene C. Bronson,* in support of the motion, urged, that if the opposite party had intended to rely on this objection, he should have returned the

papers within twenty-four hours, to the party serving them, in compliance with the provisions of the same rule.

*Counsel opposed,* replied that they would have returned the papers, but did not know to whom they should have been returned, as no name of any attorney or counsel for the defendants, the moving party, appeared anywhere on the papers served.

INGRAHAM, J.—I suppose the same rule applies to this as to an ordinary suit. When there is no attorney's name on the papers, then the party is the person to whom the papers are to be returned. Here the party defendant are the Corporation of New York, and you have knowledge from the statute, who their counsel and attorney is. The papers should have been returned to him or to the attorney, or the person acting on the part of the city government. When a technical objection of this kind is made and relied upon, both parties are required to pay strict observance to what the rule is. It was just as much your duty to return, as it was theirs to serve, and I think that you have failed in what was required of you to enable you to take advantage of this objection, and that the motion can be heard notwithstanding.

The motion then proceeded.